

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ELVIS JOSEPH AMARAME,  <br>         Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 6:07-2775-HFF-WMC |
| | § | |
| MATTHEW B. HAMIDULLAH, ROBERT GATES, and JOSEPH OWENS,  <br>         Defendants. | §<br>§<br>§<br>§ | |

ORDER

This case was filed as a *Bivens* action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion to dismiss should be granted in part and denied in part. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge filed the Report on July 31, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on September 8, 2008.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In considering a motion to dismiss, the Court must accept all well-pleaded allegations and must view the complaint in the light most favorable to the plaintiff. *Id.* (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)).

Applying this standard, the Magistrate Judge recommended that Defendants' motion to dismiss be: (1) granted as to Plaintiff's claim that his constitutional rights were violated when defendant Gates pushed him in the back of the head, causing his religious cap to tear; (2) granted as to Plaintiff's claim that he was denied due process in connection with his placement in the Special Housing Unit at FCI Estill; (3) granted as to Plaintiff's constitutional claims relating to his prison job assignment; (4) granted as to Plaintiff's national origin discrimination/Equal Protection claim; (5) denied as to Plaintiff's retaliation claim; (6) denied as to Plaintiff's deliberate indifference to his safety claim; (7) granted as to any claims against Defendant Hamidullah; (8) granted (without prejudice) as to any tort claims in the complaint; and (9) granted as to Plaintiff's 42 U.S.C. § 1985 claim.

In his objections to the Magistrate Judge's Report, Plaintiff clarifies his argument relating to his prison job. He agrees with the Magistrate Judge that he does not have a constitutional right to a prison job, but insists that he does have a right to be free from physical harm and discrimination in that job. (Objections to Report 5-6.) Because the Magistrate Judge properly dealt with Plaintiff's

discrimination and physical harm arguments in other portions of the Report, the Court finds this objection to be without merit. The Court has carefully reviewed Plaintiff's remaining objections and also finds them to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion to dismiss should be **GRANTED** in part and **DENIED** in part as set forth above.

**IT IS SO ORDERED**.

Signed this 9th day of September, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.