

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ELVIS JOSEPH AMARAME,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 6:07-2775-HFF-WMC |
| | § | |
| ROBERT GATES and JOSEPH OWENS,<br>Defendants. | §<br>§<br>§ | |

## ORDER

This case was filed as a *Bivens* action.[1] Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] In *Bivens*, the Supreme Court recognized an implied cause of action for damages from certain constitutional violations committed by federal agents. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

The Magistrate Judge filed the Report on April 27, 2009, and, following several Court-granted extensions, the Clerk of Court entered Plaintiff's objections to the Report on July 10, 2009.

In his complaint, Plaintiff alleged a variety of claims against two federal prison employees and the prison warden, including claims for libel and slander, deliberate indifference, discrimination, retaliation, and intentional infliction of emotional distress. Adopting an earlier Report and Recommendation, on September 9, 2008, the Court granted Defendant's motion to dismiss all claims against the prison warden and all other claims against the two prison employees, Defendants Gates and Owens, except for the claims of retaliation and deliberate indifference. Defendants then moved for summary judgment as to those remaining claims, and the Magistrate Judge now recommends granting Defendants' motion.

 *A.* *Objections Related to Defamation Claim*

In his objections to that recommendation, Plaintiff first complains that the Magistrate Judge failed to address his defamation claim, raised on pages twelve and fourteen of his complaint. (Pl.'s Objections 1-2.) Page twelve of the complaint simply lists Plaintiff's alleged slander claim, but page fourteen makes clear that Plaintiff is basing his claim on Defendant Gates statement that he "don't need that punk anymore now, I got Big Rick back" and that he "don't need no homosexual around me anyway." (Pl.'s Compl. 14.)

A closer examination of the Report, however, reveals that the Magistrate Judge did discuss Plaintiff's slander allegations on pages thirteen and fourteen of the Report and concluded that Plaintiff's allegations fail to state a constitutional claim. (Report 13-14.) The Court agrees.

To the extent that Plaintiff is alleging a pure state law defamation claim, the Court lacks jurisdiction over that claim. Plaintiff has pled diversity as one of several bases for federal

jurisdiction. However, in his Complaint he alleges that he is a resident of South Carolina. (Pl.'s Compl. ¶ 3.) As defendants are also residents of South Carolina, diversity jurisdiction does not exist. Furthermore, the Court declines to exercise jurisdiction over any state law defamation claim that may remain after Plaintiff's federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3) (noting Court may decline to exercise supplemental jurisdiction where court has dismissed all claims over which it has original jurisdiction).

Admittedly, Plaintiff asserts that diversity jurisdiction exists, and, in the same paragraph where he claims to be a resident of South Carolina, he also indicates that he has previously resided in Florida and Georgia. (Pl.'s Compl. ¶ 3.) This statement, along with various statements in the record could be liberally construed to support diversity jurisdiction. However, even assuming that the Court has jurisdiction over Plaintiff's defamation claim, Defendants are still entitled to summary judgment on that claim.

Under South Carolina law,

> To recover for defamation, the plaintiff must establish by a preponderance of the evidence, that there was (1) a false and defamatory statement by the defendant concerning the plaintiff; (2) an unprivileged communication; (3) fault on the defendant's part in publishing the statement; and (4) either actionability of the statement irrespective of special harm or the existence of special harm to the plaintiff caused by the publication.

*Parrish v. Allison*, 376 S.C. 308, 320 (Ct. App. 2007). Focusing on the fourth element, "[i]f the defamation is actionable per se, the law presumes the defendant acted with common law malice and that the plaintiff suffered general damages. If the defamation is not actionable per se, then the plaintiff must plead and prove common law actual malice and special damages." *Id.* at 322. Here the slander is not actionable per se, and, thus, Plaintiff must plead and prove actual malice and

special damages. *See Holtzscheiter v. Thomson Newspapers*, 332 S.C. 502, 525-526, 506 S.E.2d 497, 510 (1998) (noting specific categories that are actionable per se including "statements that impute unchastity, a criminal offense, a loathsome disease, or matter incompatible with business or trade"). "[S]pecial damages are tangible losses or injury to the plaintiff's property, business, occupation or profession, capable of being assessed monetarily, which result from injury to the plaintiff's reputation." *Id.* at 510 n.4. The Court agrees with the Magistrate Judge that Plaintiff has failed to show actual harm which can be assessed monetarily. (*See* Report 13-14 (discussing lack of actual harm).) As Plaintiff fails to allege facts sufficient to support this fourth element of defamation, Defendant is entitled to summary judgment on this claim.

   B.  *Objections Related to Deliberate Indifference Claim*

Plaintiff also argues that the Magistrate Judge erred in rejecting his deliberate indifference to safety claims. Specifically, Plaintiff takes issue with the Magistrate Judge's conclusion that he failed to allege facts that would support a deliberate indifference claim against Defendant Owens. Plaintiff points to an argument between him and other inmates that occurred in the leisure library in front of Defendant Owens as an example of Defendant Owen's "deliberate indifference" and "reckless disregard" to his safety. He insists that Defendant Owens encouraged his clerk and Inmate Cunningham to antagonize Plaintiff. For example, Plaintiff alleges that Defendant Owens' clerk argued with him, hit him, and took his padlock.

Even assuming that these allegations against Defendant Owens are true, Plaintiff still fails to state a claim for deliberate indifference against Defendant Owens. The Supreme Court has noted that for a claim "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a *substantial risk of serious harm.*" *Farmer v. Brennan*, 511 U.S. 825, 834

4

(1994) (emphasis added). Plaintiff's allegations that other inmates argued with him and informed him about his new assignment in the leisure library fail to pose a substantial risk of serious harm. Thus, Plaintiff's objections as to Defendant Owens' involvement in his alleged mistreatment are without merit.

C. *Objections Related to Retaliation Claim*

Next, Plaintiff objects to the Magistrate Judge's finding that Defendants are entitled to summary judgment on his retaliation claim. As noted in the Report, to state a claim for retaliation, "plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).[2] Moreover, the Court precedes from the position that "[i]n the prison context, we treat [retaliation] claims with skepticism 'because every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (citation omitted).

Plaintiff makes a series of objections related to his inmate pay rate after he filed prison grievances. Specifically, he asserts that other similarly situated clerks were paid more than he was. (Objections 6.) He insists that Defendants are attempting to hide the truth by suppressing discovery of this information, and he restates his request for discovery. Plaintiff also objects to the Magistrate Judge's conclusion that there is insufficient evidence that Defendant Owens took part in the decision

---

[2]Because there is no constitutional right to a prison work assignment the issue here is whether the retaliatory act was taken in response to a constitutionally protected right, not whether the act of reducing Plaintiff's leisure pay violated a constitutional right. *See Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (finding no constitutional right to work assignment); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986) (finding no constitutional right to certain prison job).

to determine how much Plaintiff was to be paid for his clerical services. (Objections 6.) Plaintiff further objects to the Magistrate Judge's statement that "each of [the pay periods discussed in the Report] pre-dates the filing of grievances" by Plaintiff and that Plaintiff had no expectation that he would receive a certain amount each month. (Report 8-9.) Each of these objections is addressed below.

Here, Plaintiff alleges that his leisure pay was reduced after he filed grievances against prison officials. His first objection that other similarly situated inmates were paid differently and that discovery is necessary to produce this evidence is immaterial. Even if discovery is ordered and the evidence establishes that other inmates were paid more than Plaintiff, this still fails to establish that Plaintiff's lower pay is the product of retaliatory behavior by Defendants. *See Ross v. Keelings*, 2 F. Supp. 2d 810, 816 (E.D. Va. 1998) (noting in retaliation context that "plaintiff must demonstrate causation - - that the protected conduct was a 'substantial' or 'motivating factor' in the defendants' decision.") (quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). As noted in the Report, there are a variety of factors that go into determining one's prison salary, and Plaintiff's salary fluctuated from month to month even before he filed his grievances. (Report 8-9).

Plaintiff's next pay-related objection is that, contrary to the Report, Defendant Owens was involved in determining how much Plaintiff was to be paid because at some point he decided to pay Plaintiff $.60 in performance pay. The Court carefully reviewed the documents Plaintiff cited to support this argument, and it appears that he is referring to his August 3, 2006, salary of $.96. *See* Pl.'s Sur-Reply to Mot. for Summ. Judgment at Ex. 13 (containing Plaintiff's inmate account statement). Aside from conclusory allegations, Plaintiff fails to submit any evidence that Defendant

6

Owens was responsible for entering this payment amount into the system. Thus, this objection lacks merit. *See Cochran*, 73 F.3d at 1317 (noting that when making retaliation claim a prisoner cannot rely on conclusory allegations and "[s]pecificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations.").[3]

Plaintiff next takes issue with the Magistrate Judge's statement that each of the pay periods cited predates the filing of his grievances. In particular, Plaintiff cites the $.60 or $.96 payment that he received after he began filing grievances. As discussed above, this lone low payment is insufficient to establish that Defendants retaliated against Plaintiff in violation of his constitutional rights. He also admits that he had no expectation of the same salary each month because his pay did fluctuate from month to month, but he still seeks equal payment in comparison to the other inmates. Again, this is insufficient evidence of retaliation. To the extent Plaintiff's argument sounds in equal protection, it has previously been rejected by this Court. *See* Court's Order of September 9, 2008 (adopting recommendation to dismiss Plaintiff's equal protection claims).

Next, Plaintiff contends that Defendants, not Kathryn Mack as noted in the Report, made the decision to use a portion of the leisure library as a wellness information center. As discussed in the Report, this decision forced Plaintiff to relocate his work space from one corner of the leisure library to another. Even assuming that Defendants were involved in this decision, such an action fails to rise to the level necessary to support a retaliation claim. *See Baltimore Sun Co. v. Ehrlich*, 437 F.3d 410, 416 (4th Cir. 2006) ("A plaintiff seeking to recover for retaliation must show that the defendant's conduct resulted in something more than a 'de minimis inconvenience.'") (citations

---

[3]Given that Plaintiff was paid $9.60 a month on numerous occasions prior to August 2006, it seems more likely that the entry of $.96 was a clerical error, if it was a mistake at all.

omitted). Thus, this argument and Plaintiff's remaining objections related to the relocation within the leisure library lack merit.

Finally, throughout his objections, Plaintiff faults the Magistrate Judge for relying too heavily on statements submitted by the Defendants and by failing to consider the contrary statements he provided. Throughout the Report, the Magistrate Judge was careful to point out when he was relying on statements submitted by Defendants and their witnesses. To the extent that any of those statements were disputed by Plaintiff in his objections, the Court has not relied on those statements and has viewed Plaintiff's version as true. Moreover, the Court has reviewed the various affidavits submitted by Plaintiff and his witnesses and finds nothing in those affidavits that creates a genuine issue as to any material fact in this case.

Plaintiff's remaining objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment be **GRANTED** with respect to Plaintiff's federal claims. As to Plaintiff's defamation claim, that claim is **DISMISSED** *without prejudice* because the Court declines to exercise supplemental jurisdiction over that claim.

**IT IS SO ORDERED**.

Signed this 27th day of July, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.